SHIVERS, Judge.
Petitioner was discharged from his employment with Tampa Housing Authority on January 10, 1978. His claim for unemployment benefits was denied. Petitioner thereafter filed a Notice of Appeal and a *342 hearing was held before Appeals Referee T. K. Smith on May 2, 1978. An appearance was made on behalf of the employer, but Petitioner did not appear at this hearing. Testimony of the employer’s witness was taken and was preserved by tape recording. The employer’s representative was informed by Appeals Referee Smith that his testimony would be preserved for the record and would be considered when a disposition was made. Petitioner arrived at the hearing site after the hearing was concluded. Petitioner stated that he had been misdirected to the hearing site. Appeals Referee Smith entered a “Notice of Dismissal Without Prejudice and Postponement of Hearing Before Appeals Referee.”
Petitioner appeared and testified at a scheduled second hearing before a second Appeals Referee, J. R. Shealey, on May 15, 1978. There was no appearance on behalf of the employer. The tape of the first hearing was not heard by either Petitioner or the second Appeals Referee prior to the taking of testimony at the second hearing. Following the second hearing, the Appeals Referee Shealey listened to the tape of testimony taken at the first hearing and entered his decision, which was adverse to the Petitioner.
The provisions of Section 120.57 (Fla.Stat. 1977) apply in all proceedings in which the substantial interests of a party are determined by an agency. Section 120.57(l)(b) 4 provides in pertinent part:
“All parties shall have an opportunity to respond, to present evidence and argument on all issues involved, to conduct cross-examination and submit rebuttal evidence . . ..”
Petitioner’s procedural rights were denied him by the procedures followed below. Petitioner did not receive the fair hearing to which he was entitled.
REVERSED and REMANDED for a new hearing.
MILLS, C. J., concurs.
ROBERT P. SMITH, Jr., J., dissents.