BOARDMAN, EDWARD F., (Ret.) Judge.
The Unemployment Appeals Commission (UAC) affirmed the appeals referee’s findings that the claimant was not entitled to unemployment compensation due to his failure to be present at a scheduled hearing before the referee. The UAC found, as did the referee, that the claimant failed to prosecute his appeal. We reverse.
In due course, the claimant filed a request for unemployment compensation benefits which was denied after a hearing before the claims examiner. A timely appeal was filed with the referee and a hearing conducted at which the claimant was present and testified regarding his separation from employment. This initial hearing was continued at the referee’s request and a second hearing was scheduled. The claimant failed to appear at the second hearing and the referee rendered his decision, finding in favor of the claimant on the issue of separation from employment, but dismissing the appeal on the available-for-work issue for failure to prosecute. There can be no dispute that the referee had the authority to dismiss the appeal under the facts outlined. See Fla.Admin.Code Rule 38E-5.017(2).
After the claimant received notice of the referee’s decision, he was advised by someone in the Unemployment Compensation Office of his right to appeal the referee’s decision; whereupon, he filed his notice of appeal timely to the UAC. § 443.07(4)(c), Fla.Stat. (1977).
The claimant was not advised, however, that in accordance with Fla.Admin.Code Rule 38E-5.017(3)(a), which provides in pertinent part:
(3) Upon written request of the appellant or upon his own motion, the appeals referee shall for good cause rescind a dismissal decision and reopen the appeal if the request has been filed or motion entered within 20 days of rendition of the dismissal decision.
(a) A threshold issue to be decided at the hearing held to consider reopening a dismissed appeal shall be whether there is a good cause for proceeding with an additional hearing. If good cause is found, the appeals referee shall proceed on the merits. If good cause is not found, the referee shall reinstate the dismissal decision.... any party or other person entitled by law to do so may file an appeal of the reinstated decision....
he has a right to a hearing to determine the factual issue of good cause for not appearing at the second scheduled proceeding.
The decision here rests on the question of whether the claimant had due and proper notice that he was entitled, under the rules governing unemployment appeals and in the best interests of justice, to a good cause hearing prior to that issue ultimately being reviewed by the UAC. See Vayvoski v. Unemployment Appeals Commission, 443 So.2d 145 (Fla. 5th DCA 1983). We reiterate that claimant was advised of his right to appeal only.
We conclude that without any doubt claimant should be accorded the opportunity to prove, if indeed he can, that he had good cause for not attending the second hearing before the referee. It is well known and settled that unemployment compensation appeals generally are handled by the parties themselves without an attorney, assisted only by the appeals referee. Gray v. Florida Dep’t of Labor and Employment Security, 375 So.2d 341, 343 (Fla. 1st DCA 1979).
Further, we are unable to find any evidence in the record taken before the referee or the Commission to support the Commission’s findings that the claimant did not have good cause to be absent from the second hearing. In determining the good cause issue for the very first time, the Commission usurped the function of the referee as the finder of fact and in so doing erred. See Fla.Admin.Code Rule 38E-3.-002.
*1115 Accordingly, we reverse the order of the Commission with instructions to remand the cause to the appeals referee for such proper hearing(s) as may be necessary on the factual question of good cause.
Reversed and remanded for further proceedings not inconsistent with this opinion.
RYDER, A.C.J., and FRANK, J., concur.