PER CURIAM.
Israel Vazquez(“claimant”) appeals the Unemployment Appeal Commission’s (“Commission”) order dismissing his appeal. We reverse.
The claimant worked for H & D Electric Company and was let go on furlough after the employer determined that it did not have enough work for all its employees. The claimant filed a request for unemployment benefits which he received. Subsequently, a claims adjuster issued a determination that the claimant was disqualified from receiving benefits on the basis he voluntarily left his prior job. The adjustor held that the claimant was overpaid benefits and that he needed to repay the benefits in the amount of $2,475. The claimant filed a timely appeal and a hearing was scheduled.
The claimant did not receive notice of the hearing because notice was forwarded to his previous address. The claimant was unable to pick up his correspondence until after the scheduled hearing date. The Commission dismissed his appeal pursuant to Florida Administrative Code Rule 60BB-5.017(2), finding the claimant failed to show good cause for his failure to appear at the hearing.
Upon learning that his appeal had been dismissed, the claimant filed a timely request to reopen the case. A hearing was set for the claimant to show good cause why he did not appear at the first hearing and to determine whether an additional hearing on the merits should be set. The claimant appeared for the hearing but was unaware of his right to present evidence. The Commission found that the claimant failed to show good cause for proceeding with an additional hearing and reinstated the dismissal order.
It is well known and settled that unemployment compensation appeals are generally handled by the parties themselves without an attorney, assisted only by the appeals referee.” See Algor v. Florida Unemployment Appeals Com’n, 516 So.2d 1113, 1114 (Fla. 2d DCA 1987). The claimant has a right to a hearing to determine the factual issue of good cause and to prove, if he can, that he had good cause for not attending the hearing. Algor, 516 So.2d at 1114.
Accordingly, we reverse the order of the Commission, with instructions to remand the cause to the appeals referee for a proper hearing on the factual question of good cause.